IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVELYN WALKER, | ) | |
| Plaintiff, | ) | CASE NO. 2:17-cv-210 |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| CAPTAIN D'S SEAFOOD NO. 3717, | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Evelyn Walker, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Walker files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as **The Fair Labor Standards Act** (29 U.S.C. § 201, et seq.)(hereinafter "FLSA") and under the **Age Discrimination Employment Act**, 29 U.S.C. § 621 et seq, to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendant Captain D's Seafood No. 3717's violation of the FLSA.

2. Plaintiff Walker filed a charge of age discrimination with the EEOC in Birmingham on June 21, 2016. Plaintiff received her right-to-sue on February 21, 2017.

1

3.  Venue is proper in the Middle Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Elmore County, Alabama.

## II. PARTIES

4.  The named Plaintiff, Evelyn Walker (hereinafter "Plaintiff" or "Ms. Walker"), is a citizen of the United States and a resident of Prattville, Alabama. Plaintiff is over the age of nineteen years.

5.  The Defendant, Captain D's Seafood No. 3717 (hereinafter "Defendant" or "Captain D's"), is a fast food restaurant located in Elmore County, Alabama. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III. STATEMENT OF FACTS

6.  Ms. Walker is a sixty (60) year-old female.

7.  Ms. Walker began working at Captain D's on or about the year 1996 as a restaurant manager. Ms. Walker avers she received excellent evaluations during her employment at Captain D's.

8.  Ms. Walker avers that she often worked between 55 to 60 hours per week, but has only been compensated for 40 hours of work per week.

9.  Ms. Walker avers that at all times she performed job-related activities which genuinely benefited her employer, Captain D's.

10. Ms. Walker avers that Captain D's knew or should have known that Ms. Walker was working, for its benefit, in excess of 40 hours per week without compensation for any overtime hours worked. In addition, Ms. Walker avers that Captain D's knowingly

2

permitted her to perform the additional work in excess of forty hours per week without overtime compensation.

11. Ms. Walker avers that the work she performed as part of her employment at Captain D's was reflective of an hourly wage earner, with specific times to come and go as an employee and other conditions of employment reflective of an hourly wage earner..

12. Ms. Walker has worked for the past twenty years as a restaurant manager for the Captain D's in Wetumpka. She has always done a good job there, received great evaluations from district managers and would not have been employed at Captain D's so long if she had not done an excellent job.

13. Recently, a new manager named Lakicia Ford, an African-American woman in her late 30's or early 40's became the new manager and bragged that she would clean house and would be getting rid of all the older help and would get new help.

14. In late May 2016, Ms. Ford said that Ms. Walker was too old, and too slow.

15. On June 3, 2016, the area director, Tony Glasco came to the restaurant and announced that he had good news for Ms. Walker and bad news. The good news was that she was receiving a plaque for twenty years of good service. The bad news is that she was being fired.

16. Ms. Walker knows that she is a victim of age discrimination, in violation of the **Age Discrimination in Employment Act.** She believes the age discrimination practiced against her was willful, which should also entitle her to a doubling of damages. Ms. Walker has also incurred the cost of hiring an attorney, for which she seeks compensation.

17. Ms. Walker avers she was terminated from Captain D's on or about June 3, 2016.

## IV. PLAINTIFF'S CAUSE OF ACTION

### COUNT ONE:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 ET SEQ.

18. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward Plaintiff subjected her to unlawful employment practices that violated Plaintiff's rights under the Fair Labor Standards Act (28 U.S.C. § 201, et seq.).

19. As a proximate cause of Defendant's afore-described actions against the Plaintiff, Plaintiff was injured and damaged, as set forth in paragraphs 1 – 17 above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a) A judgment declaring that the Defendant has violated the Fair Labor Standards Act;

b) An award of compensatory damages, including lost income and a doubling of damages;

c) An award of all court costs and reasonable attorneys' fees; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

20. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 19 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward Plaintiff subjected her to unlawful employment practices that violated Plaintiff's rights under the **Age Discrimination Employment Act**, 29 U.S.C. § 621 et seq.

21. As a proximate cause of Defendant's afore-described actions against the Plaintiff, Plaintiff was injured and damaged, as set forth in paragraphs 1 – 17 above.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff Jurriaans prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a) Enjoining and restraining the Defendants from further discrimination against Plaintiff Jurriaans due to her age;

b) Awarding Plaintiff Jurriaans such monetary damages as she may be entitle;

c) Awarding Plaintiff Jurriaans her costs in this action, including a reasonable attorney's fees; and

d) Granting Plaintiff Jurriaans such other, further and different relief to which she may be entitled.

Respectfully submitted this 10^P day of ~~February~~ April, 2017.

Evelyn Walker, Plaintiff

BY: _____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL