UNITED STATES COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EVELYN WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:17-cv-00210-WC |
| CAPTAIN D'S SEAFOOD NO. ) | |
| 3717, ) | |
| ) | |
| Defendant. ) | |

### ORDER APPROVING SETTLEMENT AGREEMENT

Before the court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 13), and supporting memorandum (Doc. 14). On June 9, 2017, the parties submitted an Amended Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 17), which includes a copy of the parties' proposed settlement agreement. The parties seek an Order approving of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The parties' motion is due to be granted.

Plaintiff alleges in her Complaint that she was required to work "in excess of forty hours per week without compensation for any overtime hours worked[,]" in violation of her rights under the FLSA. Compl. (Doc. 1) at ¶¶ 10, 18. She also alleges that she was terminated by Defendant. *Id.* at ¶ 15. Circuit precedent has

long held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  The first method involves supervision of the Secretary of the Department of Labor.  *See id.*; 29 U.S.C. § 216(c).  Alternatively, where, as here, an employee has sued her employer for violations of the FLSA, and the parties have reached a compromise on such claims, the parties must "present to the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* at 1353.  Additionally, the rule of *Lynn's Food* applies in instances where, as here, the plaintiff is a former employee of the defendant.  *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).

      The court has reviewed the parties' proposed settlement agreement (*see* Doc. 17), as well as the parties' joint motion (Doc. 13) and memorandum (Doc. 14) explaining the basis for the parties' settlement, the process of the parties' negotiations, the amount of Plaintiff's proposed recovery, and the costs and risks attendant to both sides in this litigation.  The court is satisfied that the settlement agreement is the product of arms-length negotiations between diligent, experienced counsel.  After careful review, the court finds that the settlement agreement is fair and reasonable, and that it resolves a *bona fide* dispute under the FLSA.

      As such, it is

ORDERED as follows:

1. The parties' motion for approval of the settlement agreement (Doc. 13), as amended (Doc. 17), is GRANTED, and the settlement agreement is APPROVED;

2. This action is DISMISSED with prejudice, with each party to bear its own costs and fees, provided that any party may reinstate the action within thirty days from the date of entry of this order if the settlement agreement documentation is not consummated; and

3. The Clerk of Court is DIRECTED to close this case.

DONE this 13th day of June, 2017.

<u>/s/ Wallace Capel, Jr.</u>
CHIEF UNITED STATES MAGISTRATE JUDGE